SO ORDERED: December 3, 2013.

_____

**Frank J. Otte**
**United States Bankruptcy Judge**

United States Bankruptcy Court
Southern District Of Indiana
Terre Haute Division

In re:

                                                    )
Cobblestone Log Homes, Inc.                         )        CASE NO. **12-81337**    -FJO 7A
            Debtor Corporation                      )

### ORDER DIRECTING JOHN WELLS
### OF WELLS AUCTION AND REALTY TO TURNOVER
### NET PROCEEDS DERIVED FROM THE SALE OF
### UNDISCLOSED ASSETS OF THE DEBTOR

This matter came before the Court upon the motion of Richard W. Lorenz, Trustee in the above-entitled cause of action seeking the turnover of the net proceeds from an auction held on November 9, 2013, for the sale of the undisclosed personal property assets of the above-named Debtor Corporation. An emergency hearing was conducted on this matter on November 13, 2013. Notice of said hearing was issued electronically to the Debtor Corporation and Debtor Corporation's Attorney and independent subpoenas were delivered by the Trustee to Cobblestone Log Homes, Inc. and John Wells, individually. The Trustee appeared in person. Debtor Corporation failed to appear in person or

by counsel; however, the Trustee reported his conversations with Debtor Corporation's Counsel and Debtor Corporation's Counsel had advised the Trustee that there were no objections to the Trustee's request for turnover. John Wells appeared individually, pro se.    The Court, being duly advised in the premises, now finds that adequate notice of these proceedings has been provided to all interested parties.

The Court further finds as follows:

1.  That the Court takes judicial notice of the adversary proceedings under cause number 11-58011 and in particular the determination by this court on May 3, 2013 that Debtor David Bull is not eligible for discharge under 11 U.S.C. Sec. 727.  During those proceedings the Trustee developed information that revealed that said Debtor's schedules failed to identify any and all personal property held by said Debtor from his alleged enterprises known as "D&C Sales" and "Cobblestone Sales" or any alias thereof.

2.  That the Debtor Corporation failed to disclose to the Trustee the specific assets of the bankruptcy estate, which he has listed in an auction held November 9, 2013, conducted by John Wells of Wells Auction and Realty.

3.  That no objections are received in writing or in open court.

4.  That the Trustee is the owner of the subject personal property set forth in detail on the Trustee's Exhibit "A," which is hereby incorporated by reference, insofar as the Debtor Corporation's failure to disclose the subject personal property vests title in the Trustee.  Further, the same Trustee, Richard W. Lorenz, is the Interim Trustee duly acting and appointed in regard to the bankruptcy estate of David Bull (10-80541-FJO-7A), which is also the denominated owner of the subject personal property.

5.  That the personal property sold at auction is not readily discernable as to ownership, but it is reasonably understood to be equally owned by Cobblestone Log Homes, Inc. and David Bull, individually, and the Trustee requests that the proceeds be divided equally and allocated equally to each respective estate.

6.  That the Trustee is entitled to an order of turnover of the net proceeds of the consummated sale, and that individual John Wells, as the proprietor of said auction company, has no objection.

**IT IS THEREFORE ORDERED** that John Wells, of Wells Auction and Realty (1) divide the net proceeds of the auction sale conducted November 9, 2013, into equal amounts, and (2) turn over to Richard W. Lorenz, Trustee, one-half of said proceeds paid to, "Richard W. Lorenz, Trustee for the Estate of Cobblestone Log Homes, Inc.," as a corporate bankruptcy, within ten days from the date of this order.  Such assets shall be held and administered by the respective estates for the benefit of the creditors entitled thereto by law.

### ###